please. Judge Cabranes, can you hear me all right? We can't hear you, so we'll try that again. Yeah. Okay, good. All right. Thank you very much. All right. The motion calendars are all submitted, and I'm Judge Wesley. I'm standing in for Judge Cabranes, who's presiding from afar for reasons I couldn't be in to New York today, and we'll have arguments in two cases, United States v. Brian Cole. Ms. Aldea. Hello, Judge. Haven't seen you in a long time, Ms. Aldea. Nice to see you again. Nice to see you, too. So there are three issues that are actually presented in this case. However, given the limited amount of oral argument time and the with the issue with respect to the court's charge. To crystallize the problem here, pursuant to the court's charge that was given in this case, the jury could have convicted defendant of deprivation of rights under color of law with death resulting under the enhanced penalty provision of Section 242, even if it found that only bodily injury, not death, was foreseeable, and even if it found that given Spear's condition in the preceding takedown, defendant's kicks did not actually cause death. In other words, the problem here was that as the charge was given. The charge mentions bodily injury. It says bodily injury or death. Correct. The bodily injury aspect of the charge was not objected to by your predecessor. Well, that's not entirely true. Well, let me be more specific. Were the words bodily injury, that aspect of the charge, was that objected to? So what was objected. The answer is no. Well, not explicitly in the way that I'm doing in the brief, but what I would actually suggest is that if you look at the request to charge, and I'm not just talking about the pretrial request to charge, but at the charge conference just a day before the charge was actually given, there was a request to charge here, and that request to charge specifically asked that the charge that be given, I'm sorry, is that death, quote, death was a natural and foreseeable result of the acts that were intended to deprive Ronald Spear of his constitutional rights. So that was just a day before. Death was foreseeable. And also explicitly requested language, quote, that death could be expected to follow as a natural consequence. Let me ask you this. What was the defendant's theory of the case in front of the jury? So the defendant's theory was that the death in this case was caused by the proceeding takedown and that he was dead before he was assaulted. Well, that's not entirely true either. So, well, wait a second. What happens here is there's a bit of a dust up between Mr. Cole and the victim. And then the victim is subdued by the other correctional officers, correct? And he's on the floor. And then correctional officer Cole, the defendant, comes over and begins to kick him in the head, correct? Correct. And the defendant's theory is that the victim is dead at the time he's on the floor before he's assaulted. Actually, so the defendant's, this is why I'm drawing a very subtle distinction to that, the defendant's theory as testified by his expert was that death is actually a process. So because the only element that was at issue here was causation, what the defendant actually argued was that death was irreversibly caused by the preceding takedown. In other words, there was a catechol surge that resulted in this incredible stress on his heart. His heart was already in a weakened condition. So it was the sole cause as opposed to a competing cause. Exactly. Exactly. And there was a competing theory from the government that the death could have been caused by the, by the repeated blows to the head that officer Cole administered to this person who was restrained and on the floor. Correct, Your Honor. And so, but with respect to the foreseeability element, the defendant's theory in this case, and the reason that actually I think even under plain error, to the extent that that would be the standard to apply, this would still be error here, just on foreseeability. The problem here was the defense's theory was that Cole actually did not kick the victim sufficiently hard to cause death. And that was supported by a tremendous amount of medical testimony in this case. There was no evidence of any external bruising, any external abrasions, any external cuts that you would expect to see if indeed there had been a kick with the force of a field goal, which is what one of the, the government's witnesses testified. So there was actually, the argument that was being made by the defense on foreseeability was the manner in which Cole actually kicked the victim in the head was not sufficiently hard in order to reasonably or foreseeably result in death. This was also, by the way, supported by the fact that, you know, to the extent we know that intent is not actually required here. What do you make about the next sentence in the charges? It says, with respect to causation, the government must prove beyond a reasonable doubt that the acts that made the defendant guilty of count one were either a but-for cause of Spencer's, of Speer's death, or in the alternative, that the acts were an independently sufficient cause of his death. So that doesn't go to proximate cause, which is the first requirement. That goes to actual cause, which is the second. So what the government is trying to do here to get around what I think is the most egregious and problematic part of this charge, the bodily injury or death portion of the charge, that's a proximate cause requirement. And the government is saying, we don't need to prove proximate cause, which is directly contrary to the Supreme Court. The charge says, the government need only prove that bodily injury or death was a natural and foreseeable result of the acts. Doesn't say that it was the result of the acts, but it's a natural and foreseeable result. And the reason I think that is there is that if I had just pushed someone gently and suddenly they had a total cardiac arrest, I wouldn't anticipate, I would not anticipate the cause of bodily injury or death to that individual. And so it's categorizing the kind of act that's necessary to have been performed. And then you insert the causation element after that. So it's not that he intends to cause, that he intended to cause bodily injury, but at least he understood, he or she understood the act to have been one that would have. Well, so it's true that definitely intent is not required. However, foreseeability or the Supreme Court in Barrage actually said was generally required, which this court has held. This language is not about proximate cause. This language is about understanding that the act that you're performing is foreseeable, that you might cause bodily injury, which, but then that's not enough. They still have to prove a connection to that act to the death. Well, so, but my argument on that is it's actually not that it's foreseeable that you might cause death. That's the foreseeability requirement. And this is different than the drug, than the drug offenses. Because all it has to be is a cause. You don't have to intentionally cause death. You have to, you could have, you could have an eggshell, a plane or eggshell victim, a person who's very, very susceptible. They're in a wheelchair and you toss them over, over something, or you overturn them. And then they hit their head on the ground and they die from a hematoma. That's, would that qualify? It would not qualify for the... You intended to hurt them. Well, that's a different, so there's a combination of errors here. The second problem, which goes to the portion of the charge that Your Honor read, and they kind of work in conjunction here, is that in this case, there actually was an exception to the forecause requirement as well. I understand that. Which was this independently sufficient cause. So here you had a situation where it was possible that all that was foreseeable was bodily injury, not death, combined with the fact that death was not the actual cause. The jury could have found... Well, they could have, but they didn't. There was evidence the other way. Yeah, but the difference is that the government uses... That doesn't make the charge wrong. It just makes, and you're kind of, you're conflating sufficiency with the charge. Actually, Your Honor, the government is conflating sufficiency with the charge because the fact that the evidence was legally sufficient to support their view when viewed in the light most favorable to them, that in fact there was an independently sufficient cause of death is not... Let me ask you this. Does it have to be the only cause? It does not have to be the only cause. Ah, so it could be one of several. There can be several proximate causes, can't there? That's true, but this... So let's pursue this for a second. So you've got a person who's got a cardiac condition, and you punch them several times, and that assault in connection with their cardiac condition causes them to die. Are you liable under the statute? That would be the but-for cause you would be, yeah. Ah, and isn't that exactly what happened here? No. Okay. And the reason that it didn't, and the reason that that second part of the charge was wrong, I'm going to actually cite the example from the United States Supreme Court decision in Barrage. That exception cannot be allowed to swallow the rule. Independently sufficient cause is very rare, and the example that was given there as to when that kind of charge is applicable at all was, you have a defendant who is shot and at the same moment is simultaneously stabbed. Each one of those two things was clearly and incontrovertibly a cause of death, an independently sufficient cause of death. And key to the analysis, they happened concurrently. The reason that the government's analysis fails here, and the reason that second portion of the charge was improper under the facts of this case, is that there's no question that the two causes were not concurrent. They were consecutive. The takedown happened first. During that takedown, he stopped moving. He said, I can't breathe, I can't breathe, after he had been clearly influenced by a catechol surge that allowed this weakened man to perform one-handed pushups with a 215-pound man on his back. After that catechol surge, he immediately says, I can't breathe, I can't breathe, and then at some point while Officer Torres is on his back and before the kicks, he goes completely limp and non-responsive, completely. That was death. That was causation. And whether he then engaged in a gonal breathing or whether he then made sounds or moans or grunts that actually continued even after the kicks does not change the fact that the but-for cause here was only one. Okay. You've got your rebuttal time. Thank you. Ms. Vargas. Good afternoon, Your Honor. May it please the Court. Jeanette Vargas on behalf of the government. I represented the government at trial in this matter. I would like to start with the proximate cause issue that defendants also began with. Now, their primary challenge is to the causation instruction, but at best, their challenge has been forfeited if not affirmatively waived below. As Your Honor noted, they did not raise an objection to Judge Preska. Instead, they did propose their own language. That is true. The judge never ruled upon that language. It never had cause to accept or reject because in the subsequent colloquy, the district court inquired with defense counsel as to whether the government's charge, the government's proposed proximate causation charge would suffice for their or waived by affirmatively agreeing to the proposed language by the judge. The judge didn't have cause to know on that record that there was an objection to the inclusion of bodily injury to the causation instruction. In fact, the district court would not have cause at all to know that there was even an objection to that charge. If there's any appellate review at all, it's plainly under the plain error standard. Under the plain error standard, there has to be a reasonable probability, not a possibility, not a remote possibility, that the requested language would have affected the outcome of the trial. There's no such possibility here. Let's start with the fact that the jury, by convicting Officer Cole of violating section 242, the core offense, necessarily found that he engaged in excessive force by kicking Ronald Speer repeatedly in the head, resulting in bodily injury. Now, the jury made that finding necessarily. It necessarily found that those kicks were of sufficient force to have killed him because they found but for causation, which was indisputably charged. So they have found that there were kicks, and they have found that the kicks were either actually caused his death or were independently sufficient in force to have caused his death. Given that record, there's no reasonable probability that a change in instruction would have resulted in a different verdict. Common sense is sufficient to tell you that it's reasonably foreseeable that kicking someone in the head can result in their death. You don't need medical expert testimony to tell you that, but in this case, we actually did have such medical expert testimony. All the experts, including the defendant's experts, agreed that blunt force trauma to the head, sufficient to cause the types of bruising on the brain that were observed in the autopsy and that the jury had evidence of before them, would have been enough to kill Ronald Speer. This common sense understanding is precisely why Officer Cole, as a correctional officer, is trained that you don't strike an inmate in the head because that can result in death. They're trained in that. Correctional officers know it, so it's eminently foreseeable. I get that, but don't you also have to show that there's a connection between that and his death? Not just that it's capable of doing it, but don't you have to also show that it played a role in his death? And we did do that, Your Honor. The evidence was overwhelming, and the jury was charged both on proximate cause and but-for causation in the causation instruction. So the jury necessarily found that it was not just reasonable to believe that the kicks could have resulted in his death, but actually either did so, in fact, or were independently sufficient to have done so. So that was the but-for element. And yes, they do have to make that finding. They did make that finding. There was ample evidence in support of that finding. The medical evidence was very clear, and although the defendants try to make this a very complicated chain of causation, in fact, the line of causation is very, very simple. Mr. Spear was alive on the floor. He was talking. He was breathing. He was moving. He was restrained by Officer Torres. He was still breathing. He was still alive. And then he was kicked in the head, and a minute he was dead, and we had medical experts explain the mechanism of death. He had subscapular bruises below the scalp and a subarachnoid hemorrhage, which caused bleeding onto the brain. The mechanism of death in that case is that when there is bleeding onto the brain, there's what's called a catechal surge. Dr. Schneller testified at length about how the catechals affect the heart and lead to a cardiac arrest, and that this is a known medical phenomenon, the bleeding on the brain leading to this type of hemorrhage. So this was not something that was attenuated. There was nothing unusual or unforeseeable about or extraordinary as to what happened here. He was simply kicked in the head, and he died approximately a minute later of those injuries. With respect to the independent sufficiency argument, counsel alluded to the charge on this as being improper. I would like to reiterate the recent case law that we cited in our 28J letter that has come from the Sixth Circuit and the Eighth Circuit in Ewing and Lewis that have both found that such charges in death-resulting cases are appropriate. No court has ruled to the contrary. Certainly, there's no error at all, let alone plain error in the independent sufficiency charge. As to the point that this case is factually distinct from the analogy that was given by the Supreme Court in Barrage, I would point out that, if anything, this case is very similar to the facts of the 841 drug offenses such as because there, the courts are usually considering the effects of perhaps two doses of cocaine or the effects of two different types of drugs, heroin and cocaine, and are both sufficiently found in the bloodstream to be lethal. The government's theory here was that, to the extent we're talking about two separate surges of cataclysm, one caused by the hemorrhage and one in the way that cocaine and heroin may be perhaps taken together, taken shortly in time after one after the other. If both are sufficiently in high doses to have caused death, under the independent sufficiency theory that these courts have endorsed, then the but-for causation standard has been satisfied. If Your Honor I'm not here. Thank you. Then the government respectfully requests that the judgment of conviction be affirmed. Thank you, Ms. Vargas. Ms. Zeldin, you have two minutes. So the first thing I just want to clear up is that with respect to the independent challenge to the legally sufficient cause instruction, that clearly was preserved, and that was preserved by virtue of the letter that was explicitly submitted raising identical arguments to what we're raising here, which is namely that the exception applies only in rare circumstances that are not applicable here. So that's number one. So to the extent that the government tries to apply plain error as well to that, that's not the appropriate standard there, although more arguable as to the first point. Again, the main problem here is that in conjunction what these two charges did is they allowed the jury to fully credit the defense version of the events here, that the kick was not sufficiently hard to foreseeably cause death. In other words, it only would have been foreseeable that it caused bodily injury and that this was not the actual cause of death and yet still to convict. And so to the extent that the charge allowed the defense, completely eviscerated the defense, allowing the jury to credit in total the defense theory of the case and still convict, it was plain error. And it's true that this happens in conjunction when you take the two charges in conjunction with each other, but it nonetheless happens here. This is not like the drug cases and it's actually very different than the drug cases that were cited in the government submission because there is a distinct difference here. The language for the original part of the charge that deals with either bodily injury or with death being foreseeable makes sense in the drug cases because there the statute does not provide for enhanced penalty for death resulting as opposed to for bodily injury. In this case, it does and it's a big difference. Just the deprivation of rights is a misdemeanor, one year imprisonment. If bodily injury results, in other words, if that's foreseeable and that's the result, it's 10 years maximum. For death resulting, it's a life sentence or the death penalty. So to say that a person, I mean that the rule of law that this court would be articulating would apply to all of these cases. To say that a person can be subject to the death penalty because death results from an intent to cause or from a foreseeable event of causing only bodily injury where in fact it doesn't even lead to the death of the individual victim is an aberration and it does violate due process. Okay. Thank you, Your Honor. Thank you. Matters deemed submitted, you'll hear from us in due course. Nicely argued. Good to see you again, Ms. Aldea. I haven't seen you in a long time. Thank you.